No. 11,530.

J. A. BOYER VS. CLIFTON CANNON, SHERIFF.

GUMBEL & CO., INTERVENORS.

A party who has been declared by a judgment of court, as having failed to comply with his bid, and has not suspensively appealed therefrom, is without interest to enjoin the subsequent sale of the property under an order of court made in pursuance of said failure to comply with the terms of the sale.

APPEAL from the Tenth District Court, Parish of Avoyelles. Coco, J.

Wm. H. Peterman and Clegg & Thorp Attorneys for Plaintiff and Appellee:

Fieri facias, unsupported by judgment, will be enjoined at suit of any person whose rights or interests in or upon the property seized may be injuriously affected. C. P. 296; 19 An. 189; 31 An. 134; 30 An. 800; 33 An. 222; 34 An. 89.

Boyer vs. Sheriff.

One who claims only preference on the proceeds of a legal sale of the property seized is without interest to oppose such injunction.

A party can not intervene in a suit except for the protection of his own rights; and if his demand does not grow out of the principal action and is not specially permitted by law, it must be dismissed. 2 An. 462; 28 An. 241; C. P., Art. 190.

A writ of *fi. fa.* can not issue in a proceeding in which no judgment has been rendered; nor can property be sold under a *fi. fa.* partly for cash and partly upon terms of credit. Arts. 641, 680, 681, C. P.

A writ of *fi. fa.* can be stayed only by injunction. 19 An. 189.

Where the sheriff has advertised and is proceeding to sell property in a manner not in conformity with the decree of the court, his action may be enjoined. 31 An. 134; 30 An. 800; 34 An. 89; 33 An. 222.

Except in a case of trespass on real estate, a claim for damages can not be made in an intervention against one who does not reside in the parish where the principal action is pending.

———

*G. H. Couvillon* Attorney for Intervenors, Appellants:

Plaintiff in injunction must prove the allegation of his petition. 19 An. 276.

A mortgagee can not enjoin the sale. If it be null it does not affect his rights; if it is valid his remedy is by third opposition. 26 An. 245, James vs. Breau, Sheriff.

An injunction granted on an allegation of ownership to real estate, the plaintiff failing to prove title, the injunction should be dissolved.

An error in the advertisement, which can be rectified by merely calling printer's attention, can not cause irreparable injury. The injunction should be dissolved with damages.

It is the duty of plaintiff in execution to see that the property is properly advertised under his writ.

Plaintiff in execution can no longer control his writ when third persons have acquired rights under it. If he wants to suspend the judgment operating against him his remedy is by appeal.

State vs. Robinson.

The opinion of the court was delivered by

McENERY, J. Many of the facts to the proper understanding of this case are stated in the case No. 11,531, of Gumbel & Co. vs. J. A. Boyer *et als.*, just decided. *Ante.*, p. 762.

The defendant in that case took a devolutive appeal. The defendant, Boyer, refusing to comply with his bid, the sheriff, in pursuance to the decree, advertised the property for sale. In doing so, he advertised the property as being sold under a *fi. fa.* instead of a writ of seizure and sale, issued in pursuance of an order of seizure and sale. For this reason the defendant, Boyer, enjoined the sale. Gumbel & Co. intervened; objection was made to their intervention. It was properly overruled, as they had an interest in the sale of the property to realize the amount of the concurrent mortgage note which they held.

There was no personal judgment rendered in this case under which a *fi. fa.* could issue. This is not denied, and it is admitted that the proceeding was irregular, but the defence is that it was the fault of the printer, and that the defendant has shown no irreparable injury, and was not the owner of the property, and had no interest in arresting the sale.

The decree of the District Court was that the defendant, Boyer, had not complied with his bid, and the property was ordered to be again offered for sale. This judgment was not suspensively appealed from, and there was nothing in the way of its execution. Boyer was therefore a stranger to the proceeding under the order of court, and was without interest to arrest the sale of the property. The second order to sell was in effect an interlocutory order carrying into execution a judgment not arrested by a suspensive appeal. Whan vs. Irwin, 27 An. 708; State vs. Judge, 30 An. 229; Boutte vs. Executors of Boutte, 30 An. 177; State *ex rel.* Remington Paper Co., 45 An. 1418; Murphy vs. Murphy, 45 An. 1482.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and the injunction issued herein be dissolved at costs of plaintiff in injunction.